## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **KEYSTONE GAS CORPORATION** | ) | **Case No. 22-12088-SAH** |
| | ) | |
| **Debtor.** | ) | |

### DEBTOR'S MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTOR-IN-POSSESSION TO OBTAIN POST-PETITION FINANCING PURSUANT TO SECTION 364(c) OF THE BANKRUPTCY CODE, (II) GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (III) GRANTING RELATED RELIEF

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than fourteen (14) days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The fourteen (14) day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

TO THE HONORABLE SARAH A. HALL,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Keystone Gas Corporation ("**Debtor**" or "**Keystone**"), debtor and debtor-in-possession in the above-referenced bankruptcy case, hereby submits this motion (the "**Motion**") seeking entry of an order authorizing the Debtor to obtain post-petition financing pursuant to 11 U.S.C. § 364(c)(1) and (2). In support of the Motion, the Debtor respectfully represents as follows:

---

**DEBTOR'S MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTOR-IN-POSSESSION TO OBTAIN POST-PETITION FINANCING PURSUANT TO SECTION 364(C) OF THE BANKRUPTCY CODE, (II) GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (III) GRANTING RELATED RELIEF – Page 1**

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

3.     On September 14, 2022 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for bankruptcy under chapter 11 of the Bankruptcy Code initiating this bankruptcy case (the "**Chapter 11 Case**"). The Debtor continues to operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

4.     The Debtor owns and operates pipeline and other assets related to the gathering and processing of natural gas. Between 2014 and 2020, the price of natural gas plummeted to unprofitable levels, much of the Debtor's pipeline was shut in, and much of the processing of natural gas by the Debtor ceased. Unfortunately, by the time the price of natural gas rose to a level of profitability, the Debtor lacked the capital to restart its operations. The Debtor, while still operating, has focused its operations on performing the tasks required by various government agencies and required to maintain its existing assets due to its lack of capital.

5.     The Debtor filed this Chapter 11 Case to reorganize its outstanding debts and ownership structure and to infuse new capital into the Company. With additional capital and new operational leadership, the Debtor anticipates successfully emerging from bankruptcy as a profitable corporation with ongoing operations.

6.     Prior to the Petition Date, the Debtor entered into a Plan Support Agreement with Navitas Utility Corporation ("**Navitas**") and Southern Kentucky Energy, LLC ("**Southern**

**Kentucky**") that adopts the terms of a Restructure Term Sheet outlining the parameters of the Debtor's forthcoming plan of reorganization.

7.      The Debtor requires access to the funding requested to satisfy administrative expenses associated with the operation of its businesses as a going concern and other costs relating to the administration of the Chapter 11 Case.

8.      The Debtor has not requested or obtained other post-petition financing in this case.

9.      The Debtor is a duly organized, validly existing Oklahoma corporation and has the requisite power and authority to own, lease, and operate its property, including, without limitation, the proposed collateral. The Debtor has the requisite power and authority to enter into, execute, deliver, and perform its obligations under the proposed DIP Financing Documents (as defined herein), and to incur the obligations provided for therein.

10.     The Debtor is unable to obtain sufficient levels of unsecured credit allowable under Bankruptcy Code section 503(b)(1) as an administrative expense necessary to maintain and conduct its business.

11.     The Debtor is unable to obtain secured credit on more favorable terms than under the terms and conditions provided in the proposed DIP Financing Documents (as defined herein).

## PROPOSED DIP LOAN

12.     The proposed post-petition financing (the "**DIP Loan**" or "**DIP Facility**") and its terms are set forth in the attached Post-Petition DIP Promissory Note (the "**DIP Note**") and Security Agreement (the "**DIP Security Agreement**,") and collectively with the DIP Note, the "**DIP Financing Documents**"), attached hereto as **Exhibits A** and **B** and incorporated herein by this reference.

13.     The DIP Loan is best described as a short-term bridge loan for the Debtor to jump

start operations following the shut in of its pipelines, and to finalizes its plan of reorganization. Specifically, the DIP Loan consists of a $100,000.00 loan to the Debtor secured by certain tangible, unencumbered collateral of the Debtor listed in Exhibit 1 to the DIP Security Agreement. The DIP Loan will be due March 1, 2023. The DIP Loan will bear interest at twelve percent (12%) per annum, compounded daily.

14.     Proceeds of the DIP Facility shall be used solely for the following purposes:

    a.   to fund post-petition operating expenses and working-capital needs of the Debtor, including, but not limited to, those activities required to remain in, or return to, compliance with laws in accordance with 28 U.S.C. § 1930;

    b.   to pay certain other costs and expenses of administration of the Chapter 11 Case as approved by the DIP Lender in writing;

    c.   to fund acquisitions, capital expenditures, capital leases, or other operations expressly approved by the Co-Chief Restructuring Officers of the Debtor; or

    d.   for any other purpose for which the Carve-Out (as defined below) may be used.

15.     The funds advanced pursuant to the proposed DIP Facility (collectively, the "**DIP Facility Advances**") shall be treated as an allowed administrative expense of the Debtor's estate, which shall, subject to the Carve-Out, have priority in payment over any other indebtedness and/or obligations now in existence or incurred hereafter by the Debtor and over all administrative expenses or charges against property arising in the Chapter 11 Case and any superseding Chapter 7 cases including, without limitation, those specified in Bankruptcy Code sections 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 726, 1113, or 1114, (such claim, the "**DIP Superpriority Claim**").

16.     As security for the DIP Facility Advances and the interest accrued thereon, the Debtor seeks authority to grant the DIP Lender valid, binding, and enforceable liens, and/or

security interests (a "**Lien**," and as so granted to the DIP Lender, the "**DIP Lien**") in all of the assets described in the Security Agreement attached as **Exhibit B** hereto.

17.     The proposed DIP Liens shall be subject and junior only to (i) the Carve-Out (defined below), and (ii) valid, enforceable, properly perfected, and unavoidable prepetition liens (including any liens that are perfected after the Petition Date that are afforded priority due to the express relation back of the perfection of such lien to a date prior to the Petition Date as permitted under Bankruptcy Code section 546(b)). The proposed DIP Liens shall not be subject or subordinate to any Lien that is avoided and that would otherwise be preserved for the benefit of the Debtor's estate under Bankruptcy Code section 551.

18.     The DIP Liens and DIP Superpriority Claims shall be subject to right of payment of the following expenses (collectively, the "**Carve-Out**," and all amounts payable in connection therewith, the "**Carve-Out Amounts**"): unpaid post-petition fees of the Debtor's professionals approved by the Court, expenses of the Clerk of the Court, and statutory fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930.

19.     A proposed Final Order (I) Authorizing the Debtor-In-Possession to Obtain Post-Petition Financing Pursuant to Section 364(c) of the Bankruptcy Code, (II) Granting Liens and Super-Priority Claims, and (III) Granting Related Relief, attached hereto as **Exhibit C**, contains additional details, terms, and conditions of the proposed DIP Facility, which are incorporated herein by this reference.

20.      The Debtor and DIP Lender engaged in arms' length negotiations with respect to the terms and conditions of the DIP Loan. The DIP Financing Documents are fair, reasonable, negotiated at arm's length and in good faith, reflect the Debtor's exercise of prudent business judgment, and supported by reasonably equivalent value and fair consideration. As such, the DIP

Lender is entitled to the protections of Bankruptcy Code section 364(e).

## BASIS FOR RELIEF REQUESTED

### A.    The Proposed Post-Petition DIP Should be Approved.

21.    Section 364(c) Bankruptcy Code provides, among other things, that if a debtor is unable to obtain unsecured credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code, the court may authorize the debtor to obtain credit or incur debt with priority over any and all administrative expenses as specified in section 503(b) or 507(b) of the Bankruptcy Code. *See* 11 U.S.C. § 364(c).

22.    To satisfy the requirements of section 364(c) of the Bankruptcy Code, a Debtor need only demonstrate "by a good faith effort that credit was not available to the debtor on an unsecured or administrative basis." *See e.g. In re W. Pac. Airlines, Inc.*, 223 B.R. 567, 572 (Bankr. D. Colo. 1997); *see also In re Phase-I Molecular Toxicology Inc.*, 285 B.R. 494 (Bankr. D. N.M. 2002).

23.    "[C]ases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest." *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990). Further, a debtor does not have a duty to explore credit options from every lender before concluding that alternate credit is not available; rather, provided a debtor's business judgment does not run afoul of the provisions or policies underlying the Bankruptcy Code, courts should grant a debtor considerable deference in accordance with such debtor's desire to obtain post-petition financing. *See e.g. In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990); *see also In re Farmland Indus. Inc.*, 294

B.R. 855, 881 (Bankr. W.D. Mo. 2003); *In re Snowshoe Co., Inc.*, 789 F.2d 1085, 1088 (4th Cir. 1986).

24.    "Under the 'business judgment' rule, the management of a corporation's affairs is placed in the hands of its board of directors and officers, and the Court should interfere with their decisions only if it is made clear that those decisions are, *inter alia,* clearly erroneous, made arbitrarily, are in breach of the officers' and directors' fiduciary duty to the corporation, are made on the basis of inadequate information or study, are made in bad faith, or are in violation of the Bankruptcy Code." *In re Farmland Indus., Inc.*, 294 B.R. 855, 881–82 (Bankr. W.D. Mo. 2003); *see also In re United Artists Theatre Company v. Walton,* 315 F.3d 217, 233 (3rd Cir.2003); *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir.1985); *In re Defender Drug Stores, Inc.,* 145 B.R. 312, 317 (9th Cir. BAP 1992). "Only in circumstances where there are allegations of, and a real potential for, abuse by corporate insiders, should the Court scrutinize the actions of the corporation." *In re Simasko Prod. Co.,* 47 B.R. 444, 449 (Bankr. D. Colo. 1985) ("[D]iscretion to act with regard to business planning activities is at the heart of the debtor's power.") (citations omitted). *See also In re DeLuca Distributing Company,* 38 B.R. 588, 591 (Bankr.N.D.Ohio 1984) ("The authority to operate the [Chapter 11] debtor's business necessarily includes the concomitant discretion to exercise reasonable judgment in ordinary business matters."). To determine whether the business judgment standard is met, a court is "required to examine whether a reasonable business person would make a similar decision under similar circumstances." *In re Exide Techs.,* 340 B.R. 222, 239 (Bankr. D. Del. 2006).

25.    Further, "[t]he preservation and maintenance of the going concern value of the Debtor is integral to a successful reorganization of the Debtor pursuant to the provisions of Chapter 11 of the Bankruptcy Code." *In re W. Pac. Airlines, Inc.,* 223 B.R. 567, 568 (Bankr. D. Colo.

1997).

26.     Borrowing pursuant to the term of the proposed DIP Loan and attached proposed order satisfies each of the required factors, constitutes sound business judgment, and is integral to the Debtor's reorganization.

27.     Here, the Debtor has negotiated post-petition financing in an amount sufficient to fund ongoing operational requirements and to re-start operations for which it currently lacks capital, secured by unencumbered assets of the Debtor. Such funds will allow the Debtor to (1) maintain sufficient liquidity to preserve its assets over the course of this chapter 11 case and consummate a plan of reorganization, (2) continue daily tasks required by various local, state, and federal regulatory agencies, and (3) make improvements which will increase the Debtor's short- and long-term cash flow and allow the Debtor to exit bankruptcy as a stronger, more profitable going concern.

28.     Further, a grant of the relief requested is in the best interest of creditors. As described herein, the DIP Loan will allow the Debtor to perform tasks during the bankruptcy case to re-start certain operations and increase the Debtor's cash flow in just a few short months, providing the Debtor with funds to make disbursements to creditors through its plan of reorganization. These actions would be impossible without the requested post-petition financing and are integral to the Debtor's future as an ongoing concern.

**B.     The Automatic Stay Should be Modified on a Limited Basis.**

29.     The relief requested herein contemplates a modification of the automatic stay (to the extent applicable) to permit the Debtor to (i) implement the DIP Facility and perform pursuant to the DIP Financing Documents, including without limitation the provisions thereof with respect to collection of Proceeds, and the maintenance of the Deposit Accounts and the Collection

Procedures, and (b) the creation and perfection of all liens granted or permitted pursuant to this Motion.

30.     Stay modification of this kind are ordinary and standard features of post-petition debtor financing facilities and, in the Debtor's business judgment, are reasonable and fair under the present circumstances.

**C.     The DIP Lender Should Be Deemed a Good Faith Lender Under Section 364(e) of the Bankruptcy Code.**

31.     Section 364(e) of the Bankruptcy Code protects a good faith lender's right to collect on loans extended to a debtor, and its right in any lien securing those loans, even if the authority of the debtor to obtain such loans or grant such liens is later reversed or modified on appeal. Specifically, § 364(e) of the Bankruptcy Code provides that:

> The reversal or modification on appeal of an authorization under this section [364 of the Bankruptcy Code] to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

11 U.S.C. § 364(e).

32.     Section 364(e) of the Bankruptcy Code was designed to "encourage the extension of credit" to debtors by allowing lenders to "rely on a bankruptcy court's authorization of the transaction." *In re EDC Holding Co.*, 676 F.2d 945, 947 (7th Cir. 1982) (the purpose of § 364(e) is to "overcome people's natural reluctance to deal with a bankrupt firm whether as a purchaser or lender by assuring them that so long as they are relying in good faith on a bankruptcy judge's approval of the transaction they need not worry about their priority merely because some creditor is objecting to the transaction and is trying to get the district court or the court of appeals to reverse

the bankruptcy judge."). *See also In re North Atlantic Millwork Corp.*, 155 B.R. 271, 279 (Bankr. D. Mass. 1993) ("The purpose of section 364(e) is to allow good-faith lenders to rely upon conditions at the time they extend credit and to encourage lenders to lend to bankrupt entities.").

33.     Although the proposed financing is being provided by Southern Kentucky, whose president Jason Sharp was appointed one of the Co-Chief Restructuring Officers prior to the filing of this case, Southern Kentucky was represented by separate counsel regarding the negotiations related to the post-petition financing proposed herein. As explained above, the DIP Facility is the result of the Debtor's reasonable and informed determination that the DIP Lender offered the most favorable terms on which to obtain needed post-petition financing, and of extended arm's-length, good faith negotiations between the Debtor and the DIP Lender. The terms and conditions of the DIP Facility are fair and reasonable, and the proceeds under the DIP Facility will be used only for purposes that are permissible under the Bankruptcy Code. Further, no consideration is being provided to any party to the DIP Facility other than as described herein.

34.     Accordingly, the Court should find that the DIP Lender is a "good faith" lender within the meaning of § 364(e) of the Bankruptcy Code, and is entitled to all of the protections afforded by that section.

35.     The terms and conditions of the DIP Loan are fair and reasonable and were negotiated by well-represented, independent parties in good faith and at arm's-length.

36.     As such, the approval of authority to borrow pursuant to the DIP Facility is allowable and necessary to preserve the Debtor's assets and its ability to reorganize under the Bankruptcy Code.

## IMMEDIATE RELIEF AND WAIVER

37.     "[A]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

38.     The Debtor respectfully requests a waiver of any stay of the effectiveness of the order approving this Motion.

## NOTICE

39.     No Chapter 11 trustee or creditors' committee has been appointed in this case as of the filing of the Motion. The Debtor shall provide notice of this Motion as required by Fed. R. Bankr. P. 4001 and Local Bankruptcy Rules 4001-1 and 9013-1. The Motion shall be served by U.S. First Class Mail to all parties listed on the attached Certificate of Service, including the Debtor, the Debtor's counsel, the list of the Debtor's 20 largest unsecured creditors, the United States Trustee, counsel for the DIP Lender, all parties known to the Debtor who hold any liens or security interest in the Debtor's assets who have filed UCC-1 financing statements against the Debtor, or who, to any Debtor's knowledge, have asserted any liens on any of such Debtor's assets, the Internal Revenue Service and all taxing authorities of states in which the Debtor is doing business, and all parties in interest who have requested notice in the case.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: October 1, 2022

Respectfully submitted,

*/s/ Courtney D. Powell*
Courtney D. Powell, OBA No. 19444
SPENCER FANE LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email:  cpowell@spencerfane.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

IN RE:                                                )
                                                      )
**KEYSTONE GAS CORPORATION,**        )          **Case No. 22-12088-SAH**
                                                      )
Debtor.                                      )

**CERTIFICATE OF SERVICE**

This is to certify that on the October 1, 2022, a true and correct copy of the foregoing *Motion for Final Order (I) Authorizing the Debtor-In-Possession to Obtain Post-Petition Financing Pursuant to Section 364(c) of the Bankruptcy Code, (II) Granting Liens and Super-Priority Claims, and (III) Granting Related Relief,* filed on October 1, 2022, was served upon the following parties via U.S. First Class Mail:

Ally Bank, c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City OK 73118-7901
Keystone Gas Corporation, PO Box 1156, Drumright OK 74030-1156
Marle Production Co., LLC, 5310 E. 31st St., Suite 900, Tulsa OK 74135-5018
RCB Bank, c/o Scott P. Kirtley, Esquire, Riggs, Abney, 502 West 6th Street, Tulsa OK 74119-1016
Southern Kentucky Energy, LLC, c/o Kevin P. Doyle, Pray Walker, P.C., 100 West 5th Street, Suite 900, Tulsa OK 74103
Wells Fargo Vendor Financial Services, LLC, PO Box 13708, Macon GA 31208-3708
USBC Western District of Oklahoma, 215 Dean A. McGee, Oklahoma City OK 73102-3426
ADT Security Services, 3190 S. Vaughn Way, Aurora CO 80014-3541
AT&T, 208 S. Akard Street, Dallas TX 75202-4206
Airgas USA, LLC, P.O. Box 734671, Dallas TX 75373-4671
Attn: Ally Bank Department, AIS Portfolio Services, LLC, Account: XXXXXXXX9737, 4515 N. Santa Fe Ave., Dept. APS, Oklahoma City, OK 73118
Ally Bank, P.O. Box 380902, Minneapolis MN 55438-0902
Alvin Rusco, 45210 West Hwy 51, Jennings OK 74038-2516
Arco Environmental Remediation, LLC, 1701 Summit, Suite 2, Plano TX 75074-8175
Baker Hughes Oilfield Inc., 1333 Corporate Drive #300, Irving TX 75038-2535
BankDirect Capital Finance, 150 North Field Drive, Suite 190, Lake Forest IL 60045-2594
Battery Outfitters, P.O. Box 215, Golden MO 65658-0215
Brandon & Regina Brunker, 7222 S. Fairgrounds Road, Stillwater OK 74074-6172
Caterpillar Financial Services Corporation, 2120 West End Avenue, Nashville TN 37203-5341
Charles Lindsey Riddle, 43747 West 131st Street, Bristow OK 74010-9527
Circle 9 Resources LLC, 1833 S Morgan Rd, Oklahoma City OK 73128
City of Yale, 209 N. Main Street, Yale OK 74085-2509
Clyde Matheson Jr. & Nancy C. Trust, 2208 S. Council Creek Road, Stillwater OK 74074-7096
Community Care, P.O. Box 3249, Tulsa OK 74101-3249

**DEBTOR'S MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTOR-IN-POSSESSION TO OBTAIN POST-PETITION FINANCING PURSUANT TO SECTION 364(C) OF THE BANKRUPTCY CODE, (II) GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (III) GRANTING RELATED RELIEF – Page 13**

Creek County Treasurer, 317 E. Lee, Room 201, Sapulpa OK 74066-4325

Dan A. and Geraldine L. Simonton, 48098 W. 131st Street South, Drumright OK 74030-5515

Davco Fab, P.O. Box 361, 921 North Main, Jennings OK 74038-0361

De Lange Landen Financial Services, Inc., 1111 Old Eagle School Road, Wayne PA 19087-1453

Dell Financial Services, P.O. Box 81577, Austin TX 78708-1577

Department of the Army, U.S. Army Corp. of Engineers, 5722 Integrity Drive, Millington TN 38054-5028

Dexxon Yarhola, 732 Indiana Avenue, Kiefer OK 74041-4541

Earl-Le Dozier, LLC, P.O. Box 351, 512 W. Highway 33, Drumright OK 74030-0351

Fowler of Tulsa C LLC, c/o Michael S. Fowler, 2721 NW 36th Avenue, Norman OK 73072-2411

Frank & Tonya Magness, 7200 E. Deep Rock Road, Cushing OK 74023-2994

Gungoll, Jackson, Box, Devoll, PC, P.O. Box 1549, Enid OK 73702-1549

Harris Oil Co., Inc., Drawer 112, Cushing OK 74023-0112

Indian Electric Coop, 2506 E. Highway 64, Cleveland OK 74020-4054

Industrial Oils Unlimited, P.O. Box 3066, Tulsa OK 74101-3066

Internal Revenue Service, Centralized Insolvency Operation, P.O. Box 7346, Philadelphia PA 19101-7346

J.J. & K. Oil Company LLC, 114 NW 8th Street, Oklahoma City OK 73102-5805

Jacam Chemicals 2013 LLC, 205 S. Broadway, P.O. Box 96, Sterling KS 67579-0096

James J. Hodgens, PC, P.O. Box 686, 301 West Main Street, Stroud OK 74079-3611

Jaye Wilson, 3166 Old Hwy 52 South, Pilot Mountain NC 27041-7114

Jeremy W. Tillery, 320 West Web Street, Glencoe OK 74032-1466

Joe Waters, P.O. Box 70, Luther OK 73054-0070

Larry & Sheila Martin, 346751 E 4200 Rd, Pawnee OK  74058-3418

Levinson Smith & Huffman P.C., 1743 East 71st Street, Tulsa OK 74136-5108

Lincoln County Land Office, 811 Manvel Avenue, Suite 5, Chandler OK 74834-3800

Lincoln County Treasurer, 811 Manvel Avenue #6, Chandler OK 74834-3800

Little River Energy Co., 1260 E. Broadway Street, Drumright OK 74030-5903

Logan County RWD #3, P.O. Box 187, Marshall OK 73056-0187

Logan County Treasurer, Logan County Courthouse, 301 E. Harrison Avenue #100, Guthrie OK 73044-4939

Marjorie J. Creasey on behalf of U.S. Trustee United States Trustee, Office of the United States Trustee, 215 Dean A. McGee, Room 408, Oklahoma City OK 73102

Mark Lauderdale Enterprise, 3215 E. Deep Rock Road, Cushing OK 74023-6425

Marle Production Co. LLC, 5310 E. 31st Street, Suite 900, Tulsa OK 74135-5018

Max Haken Glenco, 9815 N. Bethel Road, Glencoe OK 74032-1500

Measurement Solutions, Inc., 6705 E. 81st Street, Suite 156, Tulsa OK 74133-4129

Memorial Machine, 6303 S. 40th West Avenue, Tulsa OK 74132-1200

OGE Energy Corp., P.O. Box 321, Oklahoma City OK 73101-0321

Oakland Petroleum Operating, 7318 S. Yale Avenue, Suite B, Tulsa OK 74136-7000

Office of Natural Resources Revenue, 6525 N. Meridian Avenue, Suite 270, Oklahoma City OK 73116-1420

Okie 811, 6908 N. Robinson Avenue, Oklahoma City OK 73116-9041

Oklahoma One Call System Inc., 6908 N. Robinson Avenue, Oklahoma City OK 73116-9041

---

**DEBTOR'S MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTOR-IN-POSSESSION TO OBTAIN POST-PETITION FINANCING PURSUANT TO SECTION 364(C) OF THE BANKRUPTCY CODE, (II) GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (III) GRANTING RELATED RELIEF – Page 14**

Oklahoma Tax Commission, General Counsel's Office, 100 N Broadway Ave Suite 1500, Oklahoma City OK 73102-8601
Pawnee County Assessor, 500 Harrison Street #201, Pawnee OK 74058-2568
Payne County Rural Water District #2, 8910 S Perkins Rd, Stillwater, OK 74074
Payne County Treasurer, 315 W. 6th Avenue, Stillwater OK 74074-4079
Pitney Bowes, 2225 American Drive, Neenah WI 54956-1005
Pitney Bowes, c/o McCarthy, Burgess & Wolff, 26000 Cannon Road, Cleveland OH 44146-1807
RCB Bank, Attn. Special Assets, 300 W Patti Page Blvd, Claremore OK 74017-8039
RSI, Inc., P.O. Box 1829, Seminole OK 74818-1829
Suddenlink, 200 Jericho Quadrangle, Jericho NY 11753-2701
Superior Pipeline, P.O. Box 702500, Tulsa OK 74170-2500
United States Trustee, 215 Dean A. McGee Ave., 4th Floor, Oklahoma City, OK 73102-3479
Walt Pettit, 705 E Yuma Dr, Broken Arrow OK  74011-7297
Waukeshan-Pierce Industries, LLC, P.O. Box 204116, Dallas TX 75320-4116
Yarhola Production Company, 1209 E. Bdwy, Drumright OK 74030
Courtney D. Powell, Spencer Fane LLP, 9400 N. Broadway Extension, Oklahoma City, OK 73114-7451

This is to further certify that on October 1, 2022, a true and correct copy of the foregoing *Motion for Final Order (I) Authorizing the Debtor-In-Possession to Obtain Post-Petition Financing Pursuant to Section 364(c) of the Bankruptcy Code, (II) Granting Liens and Super-Priority Claims, and (III) Granting Related Relief*, filed on October 1, 2022, was served to the following parties via the Court's ECF electronic transmission facilities upon the following parties:

Kevin P Doyle on behalf of Creditor Southern Kentucky Energy, LLC
kdoyle@praywalker.com, jcannon@praywalker.com

Scott P. Kirtley on behalf of Creditor RCB Bank
skirtley@riggsabney.com, sunderwood@riggsabney.com

Gary M McDonald on behalf of Creditor Little River Energy Company
gmcdonald@mcdonaldpllc.com, hdowell@mmmsk.com

Gary M McDonald on behalf of Creditor Marle Production Co., LLC
gmcdonald@mcdonaldpllc.com, hdowell@mmmsk.com

Courtney D. Powell on behalf of Debtor Keystone Gas Corporation
cpowell@spencerfane.com, llanon@spencerfane.com;lvargas@spencerfane.com

Jeffrey E Tate on behalf of U.S. Trustee United States Trustee
jeff.tate@usdoj.gov, lynnrene.diamond@usdoj.gov;michele.adams@usdoj.gov

United States Trustee
Ustpregion20.oc.ecf@usdoj.gov

---

*/s/ Courtney D. Powell*
Courtney D. Powell, OBA No. 19444
SPENCER FANE LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email:  cpowell@spencerfane.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**