## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 22-12088-SAH** |
| **KEYSTONE GAS CORPORATION,** | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |

### DEBTOR'S APPLICATION FOR AN ORDER ESTABLISHING THE TIME WITHIN WHICH PROOFS OF CLAIM MUST BE FILED, ESTABLISHING THE PROCEDURES FOR FILING, APPROVING THE FORM OF THE NOTICE THEREOF, AND APPROVING SUPPLEMENTAL NOTICE BY PUBLICATION TO UNKNOWN CREDITORS, WITH BRIEF IN SUPPORT

TO THE HONORABLE SARAH A. HALL,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Keystone Gas Corporation ("**Debtor**" or "**Keystone**"), the debtor and debtor-in-possession in the above-referenced bankruptcy case, seeks entry of an order from the Court establishing the deadline for filing proofs of claim against the Debtor, including administrative claims filed pursuant to section 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"), establishing the procedures for filing claims, and approving the form of the notice thereof (the "**Application**"). In support thereof, the Debtor would show the Court as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).  This matter is a core proceeding, and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 501, 502, 503, and 1111(a) of the Bankruptcy Code and Rules 2002(a)(7), 2002(l), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3.      On September 14, 2022 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for bankruptcy under chapter 11 of the Bankruptcy Code initiating this bankruptcy case (the "**Chapter 11 Case**"). The Debtor continues to operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

4.      The Debtor owns and operates pipeline and other assets related to the gathering and processing of natural gas. Between 2014 and 2020, the price of natural gas plummeted to unprofitable levels, much of the Debtor's pipeline was shut in, and much of the processing of natural gas by the Debtor ceased. By the time the price of natural gas rose to a level of profitability, the Debtor lacked the capital to restart its operations. The Debtor, while still operating, has focused its operations on performing the tasks required by various government agencies and required to maintain its existing assets due to its lack of capital.

5.      The Debtor filed this Chapter 11 Case to reorganize its outstanding debts and ownership structure and to infuse new capital into the Company. With additional capital and new operational leadership, the Debtor anticipates successfully emerging from bankruptcy as a profitable corporation with ongoing operations.

6.      Prior to the Petition Date, the Debtor entered into a Plan Support Agreement with Navitas Utility Corporation ("**Navitas**") and Southern Kentucky Energy, LLC ("**Southern Kentucky**") that adopts the terms of a Restructure Term Sheet outlining the parameters of the Debtor's forthcoming plan of reorganization. As such, the Debtor intends to file its plan of reorganization in the coming weeks and to proceed through its case in a timely manner,

necessitating the timely resolution of allowed claims.

**REQUEST AND BASIS FOR RELIEF**

**A.      The Need for a Bar Date**

The Debtor intends to implement a streamlined financial reorganization and exit Chapter 11 as soon as possible. As such, it is critical that the claim pool is established early in this case. The Debtor believes that clearly established procedures for the filing of claims will limit confusion on the part of creditors and result in an efficient claims process. Thus, to maintain momentum in this Chapter 11 case, the Debtor seeks to set a claims bar date and the procedures for providing notice of the bar date to all creditors.

**B.      Proposed Bar Dates**

*i.      General Bar Date*

The Debtor requests that the Court establish **Wednesday, November 23, 2022, at 5:00 p.m. prevailing Central time**, as the date by which all entities (other than governmental units) holding claims that arose (or are deemed to have arisen) prior to the Petition Date, as well as claims pursuant to Bankruptcy Code section 503(b)(9) ("**503(b)(9) Claims**") must file proofs of claim, including with respect to secured claims, unsecured priority claims, and unsecured non-priority claims (the "**General Bar Date**").

*ii.      Governmental Bar Date*

The Debtor requests that the Court establish the date 180 days after the Petition Date, **Monday, March 13, 2023, at 5:00 p.m. prevailing Central time**, as the date by which all governmental units holding claims that arose (or are deemed to have arisen) prior to the Petition Date, as well as 503(b)(9) Claims, must file proofs of claim, including with respect to secured

claims, unsecured priority claims, and unsecured non-priority claims (the "**Governmental Bar Date**").

     *iii.    Supplemental Bar Dates*

The Debtor recognizes that it may become necessary to establish supplemental bar dates on a limited basis to ensure that all known and unknown creditors receive notice thereof (each, a "**Supplemental Bar Date**" and together with the General Bar Date and the Governmental Bar Date, the "**Bar Dates**" and each a "**Bar Date**").  To reduce the time and expense associated with filing individual requests for subsequent Court orders, the Debtor is seeking authority at this point to establish Supplemental Bar Dates with respect to (a) creditors to which a re-mailing of the Bar Date Notice (as defined herein) is appropriate, but which cannot be accomplished in time to provide at least 21-days' notice of the applicable Bar Date and (b) other creditors that become known to the Debtor after the applicable Bar Date. To ensure parties in interest receive adequate notice of the Supplemental Bar Date, the Debtor proposes to: (a) file a notice of the Supplemental Bar Date with the Court and (b) mail notice of the Supplemental Bar Date to known creditors subject to the Supplemental Bar Date.

The Debtor believes that the vast majority of its creditors will be subject to the General Bar Date. Because the Debtor does not anticipate establishing Supplemental Bar Dates until further into its Chapter 11 case (if at all), the Debtor proposes a 30-day notice period with respect thereto, as delays resulting from an extended notice period at that point in time could hinder, unnecessarily, the progress of this Chapter 11 case.

**C.    Procedures for Filing Proofs of Claim**

     *i.    Parties Required to File Proofs of Claim*

Except as otherwise set forth herein, the Debtor proposes that the following persons or entities holding claims against the Debtor arising prior to the Petition Date be required to file proofs of claim on or before the applicable Bar Date:

(a) any person or entity whose claim against the Debtor is not listed in the schedules of assets and liabilities (the "**Schedules**");

(b) any person or entity whose claim is listed in the Schedules as contingent, unliquidated, or disputed; and

(c) any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount.

In addition, the Debtor proposes that persons or entities holding 503(b)(9) Claims against the Debtor be required to file proofs of claim on or before the applicable Bar Date.

*ii.    Parties Not Required to File Proofs of Claim*

The Debtor proposes that the following persons or entities holding claims that would otherwise be subject to the applicable Bar Date need not file proofs of claim:

(a) any person or entity that has already filed a signed proof of claim against the Debtor in a form substantially similar to Official Form No. 410;

(b) any person or entity whose claim is listed on the Schedules, but only if: (i) such claim is not scheduled as "contingent," "unliquidated," or "disputed"; (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the Debtor as set forth in the Schedules;

(c) a holder of a claim that has previously been allowed by order of the Court;

(d) a holder of a claim that has been paid in full by the Debtor or any other party;

(e) a holder of a claim for which a specific deadline previously has been fixed by the Court;

(f) a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business as a wage, commission, or

benefit; provided, however, that a current employee must submit a proof of claim by the applicable Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or claims covered by the Debtor's workers' compensation insurance;

(g)     a holder of a claim based on an interest in an equity security of the Debtor; provided, however, that any claimant who wishes to assert a claim against the Debtor based on, without limitation, claims for damages or rescission arising from or relating to the purchase or sale of an equity security, must file a proof of claim on or before the applicable Bar Date. The Debtor reserves all rights with respect to any such claims including, *inter alia*, the right to assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b); and

(h)     any claims allowable as administrative expenses of the Debtor's estate under Bankruptcy Code sections 503(b) and 507(a)(1), except for 503(b)(9) Claims, which must be filed on or before the applicable Bar Date.

*iii.*     *Requirements for Preparing and Filing Proofs of Claim*

All claims subject to this Application shall be asserted by filing a proof of claim. With respect to preparing and filing proofs of claim, the Debtor proposes that each proof of claim must:

(a)     be written in the English language;

(b)     be denominated in lawful currency of the United States as of the Petition Date;

(c)     conform substantially with Official Form No. 410; and

(d)     be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

Each proof of claim must be filed electronically, by mail, or in person, including supporting documentation, so as to be actually received by the applicable Bar Date at the following address: Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma 73102. Any proofs of claim sent to the Debtor or the Debtor's attorneys will be disregarded.

*iv.*     *Failure to File a Proof of Claim*

In accordance with Bankruptcy Rule 3003(c)(2), the Debtor proposes that any person or entity who is required, but fails, to file a proof of claim in accordance with the terms of the order approving this Application, shall, except as otherwise authorized by order of this Court, (a) be forever barred, estopped, and enjoined from asserting such claim against the Debtor or thereafter filing a proof of claim with respect thereto in this Chapter 11 case; (b) not be, with respect to such claim, treated as a creditor of the Debtor for the purpose of voting upon any plan of reorganization in this proceeding; and (c) not receive or be entitled to receive any payment or distribution of property from the Debtor or its successors or assigns with respect to such claim.

**D.**     **Procedures for Providing Notice of the Bar Date**

*i.*     *Notice to Known Creditors*

The Debtor proposes to serve all known persons or entities holding potential pre-petition claims with written notice of the applicable Bar Date, substantially in the form attached hereto as **Exhibit A** (the "**Bar Date Notice**"). Among other things, the Bar Date Notice will: (a) identify the Bar Date; (b) provide claimants with the information necessary to allow them to make an informed decision as to whether to file a proof of claim; and (c) describe the procedures for filing a timely proof of claim and the consequences of failing to do so. Not later than Wednesday, November 2, 2022, the Debtor will serve the Bar Date Notice by first class U.S. mail, postage pre-paid on all known persons or entities holding potential pre-petition claims.

*ii.*     *Notice to Unknown Creditors*

Because the Debtor's operations involve the gathering and supply of natural gas in a midstream capacity, the Debtor contracts with producers and purchasers, who may be further liable

to royalty owners and other third parties unknown to the Debtor. While the Debtor maintains that it has no contractual liability to such royalty owners and third parties, the Debtor nevertheless seeks approval to publish notice of the Bar Dates in weekly newspapers for the Oklahoma counties in which the Debtor operates or has operated, including Creek, Lincoln, Logan, Osage, Payne, and Pawnee counties, and in nearby, more populated Oklahoma and Tulsa counties.

Rule 2002(l) of the Bankruptcy Rules authorizes the Court to order notice by publication where it may be desirable to supplement standard notice procedures. Fed. R. Bankr. P. 2002(l).

In this case, such cause exists. While the Debtor intends to provide notice by mail to all gas producers operating in the counties in it has pipeline or other assets, it has no efficient mechanism to determine the existence of potential third parties who may hold interests in proceeds of the Debtor's sale of gas products downstream. Thus, supplemental publication of the bar notice is appropriate and sufficient to reach potential royalty owners and other parties of interest in the counties identified herein.

### E.    Authority for Establishing Bar Date

Bankruptcy Rule 3003(c)(3) states that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). A Debtor must provide claimants at least 21-days' notice by mail of the time fixed for filing proofs of claim. Fed. R. Bankr. P. 2002(a)(7). Additionally, Bankruptcy Code section 502(b)(9) provides that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." 11 U.S.C. § 502(b)(9). Bankruptcy Rule 9007 further provides the Court with general authority to regulate notices. Fed. R. Bankr. P. 9007.

The Debtor submits that the relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the General Bar Date is established, as proposed, on November 23, 2022, the Debtor intends to mail the Bar Date Notice by no later than November 1, 2022. Thus, Bankruptcy Rule 2002(a)(7), which requires 21-days' notice, will be satisfied. In addition, the proposed Governmental Bar Date is to be set on the date that is 180 days after the Petition Date, thereby satisfying Bankruptcy Code section 502(b)(9).

The Debtor believes that the procedures and notice periods described herein afford creditors ample opportunity to file proofs of claim while, at the same time, ensuring that the Debtor remains in Chapter 11 for no longer than is necessary to effect a successful reorganization. Accordingly, for all the foregoing reasons, the Debtor submits that the Bar Date and the form and manner of providing notice thereof are appropriate in light of the circumstances, benefit of all parties in interest, and should be approved.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests this Court enter an order (a) establishing the deadline for filing proofs of claim against the Debtor, establishing the procedures for filing claims, and approving the form of the notice thereof and (b) granting such other and further relief as the Court deems appropriate.

Dated: October 14, 2022          Respectfully submitted,

*/s/ Courtney D. Powell*
Courtney D. Powell, OBA No. 19444
SPENCER FANE LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email:  cpowell@spencerfane.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **KEYSTONE GAS CORPORATION,** | ) | **Case No. 22-12088-SAH** |
| | ) | |
| **Debtor.** | ) | |

## <u>CERTIFICATE OF SERVICE</u>

        This is to certify that on the October 14, 2022, a true and correct copy of the foregoing *Debtor's Application for an Order Establishing the Time Within Which Proofs of Claims Must Be Filed, Establishing the Procedures for Filing, Approving the Form of the Notice Thereof, and Approving Supplemental Notice by Publication to Unknown Creditors with Brief in Support*, filed on October 14, 2022, was served upon the following parties via U.S. First Class Mail:

Ally Bank, c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City OK 73118-7901
Keystone Gas Corporation, PO Box 1156, Drumright OK 74030-1156
Marle Production Co., LLC, 5310 E. 31st St., Suite 900, Tulsa OK 74135-5018
RCB Bank, c/o Scott P. Kirtley, Esquire, Riggs, Abney, 502 West 6th Street, Tulsa OK 74119-1016
Southern Kentucky Energy, LLC, c/o Kevin P. Doyle, Pray Walker, P.C., 100 West 5th Street, Suite 900, Tulsa OK 74103
Wells Fargo Vendor Financial Services, LLC, PO Box 13708, Macon GA 31208-3708
USBC Western District of Oklahoma, 215 Dean A. McGee, Oklahoma City OK 73102-3426
ADT Security Services, 3190 S. Vaughn Way, Aurora CO 80014-3541
AT&T, 208 S. Akard Street, Dallas TX 75202-4206
Airgas USA, LLC, P.O. Box 734671, Dallas TX 75373-4671
Attn: Ally Bank Department, AIS Portfolio Services, LLC, Account: XXXXXXXX9737, 4515 N. Santa Fe Ave., Dept. APS, Oklahoma City, OK 73118
Ally Bank, P.O. Box 380902, Minneapolis MN 55438-0902
Alvin Rusco, 45210 West Hwy 51, Jennings OK 74038-2516
Arco Environmental Remediation, LLC, 1701 Summit, Suite 2, Plano TX 75074-8175
Baker Hughes Oilfield Inc., 1333 Corporate Drive #300, Irving TX 75038-2535
BankDirect Capital Finance, 150 North Field Drive, Suite 190, Lake Forest IL 60045-2594
Battery Outfitters, P.O. Box 215, Golden MO 65658-0215
Brandon & Regina Brunker, 7222 S. Fairgrounds Road, Stillwater OK 74074-6172
Caterpillar Financial Services Corporation, 2120 West End Avenue, Nashville TN 37203-5341
Charles Lindsey Riddle, 43747 West 131st Street, Bristow OK 74010-9527
Circle 9 Resources LLC, 1833 S Morgan Rd, Oklahoma City OK 73128
City of Yale, 209 N. Main Street, Yale OK 74085-2509
Clyde Matheson Jr. & Nancy C. Trust, 2208 S. Council Creek Road, Stillwater OK 74074-7096

Community Care, P.O. Box 3249, Tulsa OK 74101-3249
Creek County Treasurer, 317 E. Lee, Room 201, Sapulpa OK 74066-4325
Dan A. and Geraldine L. Simonton, 48098 W. 131st Street South, Drumright OK 74030-5515
Davco Fab, P.O. Box 361, 921 North Main, Jennings OK 74038-0361
De Lange Landen Financial Services, Inc., 1111 Old Eagle School Road, Wayne PA 19087-1453
Dell Financial Services, P.O. Box 81577, Austin TX 78708-1577
Department of the Army, U.S. Army Corp. of Engineers, 5722 Integrity Drive, Millington TN 38054-5028
Dexxon Yarhola, 732 Indiana Avenue, Kiefer OK 74041-4541
Earl-Le Dozier, LLC, P.O. Box 351, 512 W. Highway 33, Drumright OK 74030-0351
Fowler of Tulsa C LLC, c/o Michael S. Fowler, 2721 NW 36th Avenue, Norman OK 73072-2411
Frank & Tonya Magness, 7200 E. Deep Rock Road, Cushing OK 74023-2994
Guardian Energy Consultants, Inc., c/o Gary M. McDonald, McDonald Law, PLLC, 15 W. 6th Street, Suite 2606, Tulsa OK 74119
Gungoll, Jackson, Box, Devoll, PC, P.O. Box 1549, Enid OK 73702-1549
Harris Oil Co., Inc., Drawer 112, Cushing OK 74023-0112
Indian Electric Coop, 2506 E. Highway 64, Cleveland OK 74020-4054
Industrial Oils Unlimited, P.O. Box 3066, Tulsa OK 74101-3066
Internal Revenue Service, Centralized Insolvency Operation, P.O. Box 7346, Philadelphia PA 19101-7346
J.J. & K. Oil Company LLC, 114 NW 8th Street, Oklahoma City OK 73102-5805
J.J. & K. Oil Company, LLC, c/o Gary M. McDonald, McDonald Law, PLLC, 15 W. 6th Street, Suite 2606, Tulsa OK 74119
Jacam Chemicals 2013 LLC, 205 S. Broadway, P.O. Box 96, Sterling KS 67579-0096
James J. Hodgens, PC, P.O. Box 686, 301 West Main Street, Stroud OK 74079-3611
Jaye Wilson, 3166 Old Hwy 52 South, Pilot Mountain NC 27041-7114
Jeremy W. Tillery, 320 West Web Street, Glencoe OK 74032-1466
Joe Waters, P.O. Box 70, Luther OK 73054-0070
Larry & Sheila Martin, 346751 E 4200 Rd, Pawnee OK  74058-3418
Levinson Smith & Huffman P.C., 1743 East 71st Street, Tulsa OK 74136-5108
Lincoln County Land Office, 811 Manvel Avenue, Suite 5, Chandler OK 74834-3800
Lincoln County Treasurer, 811 Manvel Avenue #6, Chandler OK 74834-3800
Little River Energy Co., 1260 E. Broadway Street, Drumright OK 74030-5903
Logan County RWD #3, P.O. Box 187, Marshall OK 73056-0187
Logan County Treasurer, Logan County Courthouse, 301 E. Harrison Avenue #100, Guthrie OK 73044-4939
Marjorie J. Creasey on behalf of U.S. Trustee United States Trustee, Office of the United States Trustee, 215 Dean A. McGee, Room 408, Oklahoma City OK 73102
Mark Lauderdale Enterprise, 3215 E. Deep Rock Road, Cushing OK 74023-6425
Marle Production Co. LLC, 5310 E. 31st Street, Suite 900, Tulsa OK 74135-5018
Max Haken Glenco, 9815 N. Bethel Road, Glencoe OK 74032-1500
Measurement Solutions, Inc., 6705 E. 81st Street, Suite 156, Tulsa OK 74133-4129
Memorial Machine, 6303 S. 40th West Avenue, Tulsa OK 74132-1200
OGE Energy Corp., P.O. Box 321, Oklahoma City OK 73101-0321

Oakland Petroleum Operating, 7318 S. Yale Avenue, Suite B, Tulsa OK 74136-7000
Oakland Petroleum Operating Co., Inc., c/o Gary M. McDonald, McDonald Law, PLLC, 15 W. 6th Street, Suite 2606, Tulsa OK 74119
Office of Natural Resources Revenue, 6525 N. Meridian Avenue, Suite 270, Oklahoma City OK 73116-1420
Okie 811, 6908 N. Robinson Avenue, Oklahoma City OK 73116-9041
Oklahoma One Call System Inc., 6908 N. Robinson Avenue, Oklahoma City OK 73116-9041
Oklahoma Tax Commission, General Counsel's Office, 100 N Broadway Ave Suite 1500, Oklahoma City OK 73102-8601
Oklahoma Tax Commission, c/o Lorena M. Massey, Attn: Legal, P.O. Box 269056, Oklahoma OK 73126
Pawnee County Assessor, 500 Harrison Street #201, Pawnee OK 74058-2568
Payne County Rural Water District #2, 8910 S Perkins Rd, Stillwater, OK 74074
Payne County Treasurer, 315 W. 6th Avenue, Stillwater OK 74074-4079
Pitney Bowes, 2225 American Drive, Neenah WI 54956-1005
Pitney Bowes, c/o McCarthy, Burgess & Wolff, 26000 Cannon Road, Cleveland OH 44146-1807
RCB Bank, Attn. Special Assets, 300 W Patti Page Blvd, Claremore OK 74017-8039
RSI, Inc., P.O. Box 1829, Seminole OK 74818-1829
Suddenlink, 200 Jericho Quadrangle, Jericho NY 11753-2701
Superior Pipeline, P.O. Box 702500, Tulsa OK 74170-2500
United States Trustee, 215 Dean A. McGee Ave., 4th Floor, Oklahoma City, OK 73102-3479
Walt Pettit, 705 E Yuma Dr, Broken Arrow OK  74011-7297
Waukeshan-Pierce Industries, LLC, P.O. Box 204116, Dallas TX 75320-4116
Yarhola Production Company, 1209 E. Bdwy, Drumright OK 74030
Yarhola Production Corporation, c/o Gary M. McDonald, McDonald Law, PLLC, 15 W. 6th Street, Suite 2606, Tulsa OK 74119
Courtney D. Powell, Spencer Fane LLP, 9400 N. Broadway Extension, Oklahoma City, OK 73114-7451

        This is to certify that on the October 14, 2022, a true and correct copy of the foregoing *Debtor's Application for an Order Establishing the Time Within Which Proofs of Claims Must Be Filed, Establishing the Procedures for Filing, Approving the Form of the Notice Thereof, and Approving Supplemental Notice by Publication to Unknown Creditors with Brief in Support*, filed on October 14, 2022, was served to the following parties via the Court's ECF electronic transmission facilities upon the following parties:

Kevin P Doyle on behalf of Creditor Southern Kentucky Energy, LLC
kdoyle@praywalker.com, jcannon@praywalker.com

Scott P. Kirtley on behalf of Creditor RCB Bank
skirtley@riggsabney.com, sunderwood@riggsabney.com

Lorena Massey on behalf of Creditor Oklahoma Tax Commission
bankruptcy@tax.ok.gov

Gary M McDonald on behalf of Creditor Guardian Energy Consultants, Inc.
gmcdonald@mcdonaldpllc.com, hdowell@mmmsk.com

Gary M McDonald on behalf of Creditor J.J.&K. Oil Co., LLC
gmcdonald@mcdonaldpllc.com, hdowell@mmmsk.com

Gary M McDonald on behalf of Creditor Little River Energy Company
gmcdonald@mcdonaldpllc.com, hdowell@mmmsk.com

Gary M McDonald on behalf of Creditor Marle Production Co., LLC
gmcdonald@mcdonaldpllc.com, hdowell@mmmsk.com

Gary M McDonald on behalf of Creditor Oakland Petroleum Operating Co., Inc.
gmcdonald@mcdonaldpllc.com, hdowell@mmmsk.com

Gary M McDonald on behalf of Creditor Yarhola Production Corporation
gmcdonald@mcdonaldpllc.com, hdowell@mmmsk.com

Courtney D. Powell on behalf of Debtor Keystone Gas Corporation
cpowell@spencerfane.com, llanon@spencerfane.com;lvargas@spencerfane.com

Jeffrey E Tate on behalf of U.S. Trustee United States Trustee
jeff.tate@usdoj.gov, lynnrene.diamond@usdoj.gov;michele.adams@usdoj.gov

United States Trustee
Ustpregion20.oc.ecf@usdoj.gov


*/s/ Courtney D. Powell*
Courtney D. Powell, OBA No. 19444
SPENCER FANE LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email:  cpowell@spencerfane.com
**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**