## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| KEYSTONE GAS CORPORATION, | § | Case No. 22-12088-SAH |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

## CIRCLE 9 RESOURCES LLC'S OBJECTION TO CONFIRMATION, WITH BRIEF IN SUPPORT AND CERTIFICATE OF SERVICE

Circle 9 Resources LLC ("Circle 9"), by and through its undersigned counsel, hereby files this Objection to confirmation of the Third Amended Plan of Reorganization of Keystone Gas Corporation [Doc. No. 203] (the "Plan") filed by Debtor, Keystone Gas Corporation (the "Debtor"). In support of this Objection, Circle 9 shows the Court as follows:

## I.        PRELIMINARY STATEMENT

Prior to the Petition Date, Circle 9 filed the First and Second Lawsuits (defined below) against the Debtor. Circle 9 holds a secured judgment in the First Lawsuit against Debtor in the sum of $45,007.00. The Debtor filed counter-claims against Circle 9 in the Second Lawsuit. The Plan seeks to preserve Debtor's claims against Circle 9 but fails to preserve Circle 9's setoff and recoupment rights. Because the Plan fails the test for confirmation in multiple respects, it cannot be confirmed.

1783382

## II.     <u>BACKGROUND</u>

**A.     State Court Litigation**

1.     On September 30, 2019, Circle 9 commenced an action against the Debtor in the District Court of Oklahoma County, Oklahoma, which case is styled *Circle 9 Resources LLC v. Keystone Gas Corp.*, Case No. CJ-19-5506 (the "First Lawsuit"), bringing, claims against the Debtor for fraud, breach of contract, collection of an open account, unjust enrichment, and quantum meruit.

2.     On February 6, 2020, judgment was granted in favor of Circle 9 against the Debtor in the First Lawsuit in the amount of $42,035.61, together with reasonable attorney fees in the amount of $1,954.50 and costs in the amount of $301.49 (the "Judgment").

3.     The Judgment was recorded on November 16, 2022, in Book 1277 at Page 306 in the records of the County Clerk of Oklahoma County, Oklahoma.

4.     On September 1, 2021, Circle 9 commenced an action against the Debtor in the District Court of Oklahoma County, Oklahoma, which case is styled *Circle 9 Resources LLC v. Keystone Gas Corp.*, Case No. CJ-21-3681 (the "Second Lawsuit"), bringing claims against the Debtor for fraud, breach of contract, collection of an open account, unjust enrichment, and quantum meruit.  Further, Debtor filed counter-claims against Circle 9 for trespass and unjust enrichment.

5.     The Second Lawsuit was stayed prior to the rendering of judgment upon the commencement of Debtor's bankruptcy on the Petition Date.

2

B.    **Procedural History**

6.    On September 14, 2022 (the "Petition Date"), the Debtor filed its Voluntary Petition pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") [Doc. No. 1].

7.    On November 18, 2022, Circle 9 filed its proof of claim in the Debtor's bankruptcy case [Proof of Claim No. 26] (the "Claim"). Circle 9's Claim reflects that Circle 9 holds claim against the Debtor's estate in the amount of $110,671.77, of which $45,007.00 is secured by the Judgment.

8.    On January 25, 2023, the Court entered an Order extending Debtor's exclusive time to file a plan to April 12, 2023 and to confirm a plan to June 11, 2023 [Doc. No. 129].

9.    On March 29, 2023, Debtor filed its Chapter 11 Plan for Reorganization [Doc. No. 153].

10.    On May 9, 2023, Debtor filed its Amended Chapter 11 Plan for Reorganization [Doc. No. 190].

11.    On May 14, 2023, Debtor filed its Second Amended Chapter 11 Plan for Reorganization [Doc. No. 196].

12.    On May 19, 2023, Debtor filed its Third Amended Chapter 11 Plan for Reorganization [Doc. No. 203].

13.    The Plan seeks to preserve Debtor's counter-claims as alleged in the Second Lawsuit, namely "[a]ny and all claims and Causes of Action, including any claims related

to the unauthorized use and modification of Debtor's pipeline, against Circle 9 Resources, LLC" [Doc. No. 203 at 27].

14.    However, the Plan fails to preserve Circle 9's setoff and recoupment rights.

15.    On May 19, 2023, the Court entered an Order fixing June 21, 2023 as the last day for filing and serving written objections to confirmation of the Plan [Doc. No. 206].

## III.    ARGUMENTS AND AUTHORITIES

### A.    Applicable Legal Standard

In order for a plan of reorganization to be confirmed, the plan must satisfy certain conditions precedent, as set forth in Bankruptcy Code section 1129(a). These conditions precedent include, *inter alia*, that:

- the plan complies with all applicable provisions of the Bankruptcy Code;

- the plan is proposed in good faith and not by any means forbidden by law;

- with respect to each impaired class, each holder of a claim in such class has either accepted the plan or will receive on account of such claim property of a value, as of the effective date of the plan, that is not less than such holder would receive on its claim in a chapter 7 proceeding;

- and, the plan must be feasible.

11 U.S.C. §§ 1129(a). The debtor bears the burden of proving the requirements of Bankruptcy Code section 1129 by a preponderance of the evidence. *In re Inv. Co. of The Sw., Inc.*, 341 B.R. 298, 326 (B.A.P. 10th Cir. 2006). In the instant case, the Plan fails to comply with the Bankruptcy Code's confirmation requirements.

**B.    The Plan Violates the Bankruptcy Code**

Bankruptcy Code section 1129(a)(1) requires that a plan must comply with all applicable provisions of the Bankruptcy Code.  The Plan violates numerous provisions of the Bankruptcy Code, as set out below.  As such, confirmation should be denied.

**C.    The Plan Fails to Preserve Circle 9's Setoff Rights**

Circle 9 objects to the Plan to the extent it fails to preserve Circle 9's setoff rights.  Confirmation of a plan does not extinguish setoff claims when they are timely asserted. *In re Continental Airlines*, 134 F.3d at 542 (3d Cir. 1998).  "Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy."  *In re Com. Fin. Servs., Inc.*, 43 F. App'x 309, 311 (10th Cir. 2002) (*citing Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995)); *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990) ("[F]iling of a proof of claim is not a prerequisite to assertion of a right to setoff under 11 U.S.C. § 553").  Circle 9 has the common law right to setoff mutual debts[1].  *Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.)*, 66 F.3d 1560, 1569 (10th Cir. 1995); *Loc. Oklahoma Bank, N.A. v. United States*, 59 Fed. Cl. 713, 721 (2004), aff'd, 452 F.3d 1371 (Fed. Cir. 2006) ("The right to common law set-off allows 'every creditor, to apply the appropriated moneys of his debtor, in his hands, in extinguishment of the debts due him.'").  The Plan makes no

---

[1] As of the filing of this Objection, no objection has been filed to the Claim.  *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).

provision for these rights. Such treatment is impermissible, because Bankruptcy Code section 553 preserves the right of setoff in bankruptcy as it exists outside bankruptcy.

Because "[s]etoff occupie[s] a favored position in our history of jurisprudence", courts do not interfere with its exercise absent "the most compelling circumstances." *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1164 (2d Cir. 1979); *Niagara Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.)*, 41 B.R. 941, 944 (N.D.N.Y. 1984); *see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.)*, 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. *In re Whimsy, Inc.*, 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve Circle 9's setoff rights. Failure to do so violates Bankruptcy code section 1129(a)(1). ("The court shall confirm a plan only if . . . the plan complies with the applicable provisions of this title.").

**D.    The Plan Fails to Preserve Circle 9's Recoupment Rights**

Similarly, the Plan improperly fails to preserve Circle 9's recoupment rights. The common law doctrine of recoupment, while frequently merged with the doctrine of setoff in other contexts, is a distinct doctrine in bankruptcy cases. *See Ashland Petroleum Co. v. Appel (In re B & L Oil Co.)*, 782 F.2d 155, 157 (10th Cir.1986). Recoupment is unaffected by discharge. *Beaumont v. Dep't of Veteran Affairs (In re Beaumont)*, 586 F.3d 776 (10th Cir. 2009). So long as the creditor's claim arises out of the "same transaction" as defined under the recoupment doctrine, such as the Second Lawsuit, the creditor's claim may be

offset against the debt owed without regard for the timing and other requirements stated in section 553 of the Bankruptcy Code. *In re Davidovich* at 1537. For the same reasons as stated above with respect to setoff rights, the Plan must provide for and preserve Circle 9's recoupment rights.

**E. Circle 9 Holds a Secured Claim that is Not Properly Treated Under the Plan**

Circle 9's Claim was filed as a partially secured claim. No objection has been filed to the Claim. Accordingly, Circle 9's Claim is deemed allowed pursuant to Bankruptcy Code section 502(a). The Plan proposes to relegate the Claim to Class 7 and "cramdown" Circle 9 as a general, unsecured claim. However, such treatment ignores Circle 9's first priority lien, as a setoff right, against Debtor's claims as asserted in the Second Lawsuit. 11 U.S.C. § 506(a); *In re Myers*, 362 F.3d 667, 672 n.5 (10th Cir. 2004) ("In essence, when setoff is allowed, an unsecured claim is elevated to secured status in bankruptcy proceedings"). The Plan does not provide Circle 9 with any value for Debtor's claims and Circle 9 does not accept such treatment, therefore the Plan fails to meet the requirements of Bankruptcy Code section 1129(b).

## IV. <u>CONCLUSION</u>

WHEREFORE, Circle 9 respectfully requests this Court enter an order (a) denying confirmation of the Debtor's proposed Plan and (b) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Jason A. Sansone*
Clayton D. Ketter, OBA #30611
Jason A. Sansone, OBA #30913
PHILLIPS MURRAH P.C.
101 North Robinson Ave., Suite 1300
Oklahoma City, OK 73102
405.235.4100 – telephone
405.235.4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
**Attorneys for Circle 9 Resources, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of June, 2023, the foregoing was served via first class mail, postage prepaid, to the following:

Keystone Gas Corporation
PO Box 1156
Drumright, OK  74030

Jason P. Kathman
Megan F. Clontz
c/o Luzmarina Vargas
5700 Granite Parkway, Suite 650
Plano, TX  75024

*/s/ Jason A. Sansone*
Jason A. Sansone, OBA #30913